**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

HENRY'S LOUISIANA GRILL, INC.,  )
                                      )
       Plaintiff,           )
                                      )      CIVIL ACTION FILE
v.                               )      NO. _____
                                      )
THE COMMITTEE CONSULTING LLC,)
                                      )
       Defendant.         )

## COMPLAINT

Plaintiff, Henry's Louisiana Grill, Inc. ("Plaintiff" or "Henry's") for its complaint against Defendant, The Committee Consulting LLC ("Defendant" or "Columbus Henry's"), alleges as follows:

1.

This is a civil action for trademark infringement arising under the laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1051, *et seq*., for false designation of origin in connection with services, under the Lanham Act, 15 U.S.C. § 1125(a), for cybersquatting, and for dilution of a famous mark under the Lanham Act, 15 U.S.C. § 1125(c), to which are joined substantial and related claims which arise under state law.

## JURISDICTION, PARTIES AND VENUE

2.

Plaintiff is a Georgia Corporation with its principal place of business at 4835 N. Main Street, Acworth, Georgia, 30101.

3.

Defendant is a Georgia limited liability company with its principal place of business at 1350 13th Street, Columbus, Georgia, 31901. Defendant may be served through its registered agent, Northwest Registered Agent Service, Inc., who is located within this district and division at 300 Colonial Center Parkway, Suite 100N, Roswell, Fulton County, Georgia, 30076.

4.

Plaintiff is the owner of several federal and Georgia trademark registrations, including HENRY'S (GA Reg. No. S-21157), HENRY'S LOUISIANA GRILL (U.S. Reg. No. 2980595), HENRY'S LOUISIANA GRILL (GA Reg. No. S-21158), and HENRY'S LOUISIANA GRILL EST 2000 (GA Reg. No. S-26522) (collectively, the "HENRY'S Marks"). Henry's is also the owner of the pending but allowed trademark registration for HENRY'S LOUISIANA GRILL (Serial No. 85/713,243). Copies of the registrations for these marks are attached hereto as Exhibits 1-5 and fully incorporated herein by reference.

2

5.

These registrations grant Henry's the exclusive right to use the HENRY's Marks in Georgia and nationwide in connection with restaurant and catering services. Some of these marks identify Henry's close ties with Cajun/Creole cuisine, the City of New Orleans, and the State of Louisiana. For example, some of these marks include graphic representations of a jazz saxophone player, Mardi Gras beads, and the fleur-de-lis.

6.

Plaintiff has used the HENRY'S Marks in connection with its goods, restaurant, and catering services since 2000 and has made significant investments of time, money and other resources to promote and maintain the integrity and goodwill of its highly regarded products and services. As a result of these efforts, Plaintiff enjoys a reputation of the highest quality under the name "Henry's," which mark represents an enormous amount of goodwill.

## BACKGROUND AND NATURE OF INFRINGEMENT

7.

Plaintiff has gone to great lengths to develop the HENRY'S Marks and through these efforts, the HENRY'S Marks have become widely associated with quality food, particularly Cajun and Creole cuisine.

3

8.

On information and belief, Defendant began operating a restaurant in Columbus, Georgia, in 2011—long after Plaintiff began its operations and use of the HENRY's Marks. Plaintiff's restaurant was named: "Henry's – A Taste of Louisiana."

9.

As part of its business, Defendant has registered and used the Internet domain names: henrysatasteoflouisiana.com and henrysofcolumbusga.com (the "Accused Domain Names").

10.

Plaintiff became aware of Defendant's restaurant and Defendant's unlawful use of the HENRY'S Marks in 2014.

11.

On information and belief, the Defendant's food and services is of inferior quality.

12.

On or about June 18, 2014, Plaintiff, through its counsel, sent a letter to Defendant demanding that Defendant cease and desist from all further infringement of the HENRY's Marks.

13.

In response, Defendant, without consultation with Plaintiff, changed its name to "Henry's – Where Midtown Meets New Orleans." This name change continues to infringe the HENRY's Marks.

14.

Plaintiff contacted Defendant, through Defendant's counsel, and continued to demand that Defendant cease and desist from all infringing activity. To date, Plaintiff has failed to do so.

15.

Defendant's knowingly infringing use of the HENRY's Marks (i) is causing significant, actual confusion in the marketplace with the goods and services associated with the HENRY's Marks, (ii) is irreparably harming Plaintiff's reputation and goodwill, and (iii) constitutes willful trademark infringement and unfair competition in violation of both federal and state law.

## COUNT I: TRADEMARK INFRINGEMENT

16.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 15 as if set forth fully herein.

17.

By reason of the foregoing use of the HENRY's Marks, the Defendant has knowingly improperly used in commerce a reproduction, counterfeit, copy or colorable imitation of Plaintiff's mark in connection with the sale, offering for sale, distribution, or advertising for services which use has and is likely to continue to cause confusion, or to cause mistake, or to deceive. As a result of its actions, Defendant has been, and is currently, infringing upon Plaintiff's rights, under federal trademark law, in violation of the federal Lanham Act, 15 U.S.C. § 1125(a).

18.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

19.

Plaintiff seeks judgment against Defendant for all relief available to it under the Lanham Act, including injunctive relief, attorney's fees, costs, Defendant's profits and actual damages (to be multiplied to an amount not exceeding three times such actual damages) and profits pursuant to 15 U.S.C. § 1125(a), and such other further, different relief as the court may deem appropriate.

## COUNT II: UNFAIR COMPETITION – FALSE
## DESIGNATION OF ORIGIN

### 20.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 19 as if set forth fully herein.

### 21.

This count arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### 22.

Defendant's use of the HENRY's Marks is a knowingly false description or representation or false designation of origin as to the goods and services offered by it in commerce, which has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

### 23.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

24.

Plaintiff seeks judgment against Defendant for all relief available to it under the Lanham Act, including injunctive relief, attorney's fees, costs, Defendant's profits and actual damages (to be multiplied to an amount not exceeding three times such actual damages and profits pursuant to 15 U.S.C. § 1115), and such other further, different relief as the court may deem appropriate.

## COUNT III: FEDERAL TRADEMARK DILUTION

25.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 24 as if set forth fully herein.

26.

This count arises under 15 U.S.C. § 1125(c).

27.

Through continuous and exclusive use, the HENRY's Mark has become widely associated with the high quality of service and products offered by Plaintiff.

28.

Defendant's unauthorized use of the HENRY's Marks will tend to and does dilute the distinctive quality of said marks and will diminish and destroy the public association of said mark with Plaintiff.

29.

Defendant willfully used the HENRY's Marks.

30.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

## COUNT IV: STATE LAW SERVICE MARK AND TRADE NAME DILUTION

31.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 30 as if set forth fully herein.

32.

This claim arises under O.C.G.A. §§ 10-1-451 and 10-1-452 and is for dilution of the distinctive quality of a service mark and trade name.

33.

The use of a designation closely resembling the HENRY's Marks and the established trade name is likely to injure the business reputation of Plaintiff, because such use is in no way under the control of Plaintiff and the value and quality of the goods and service that Defendant may offer do not meet the quality

standards of Plaintiff for its goods and services identified under the HENRY's Marks.

34.

The use of the HENRY's Marks by Defendant will tend to and does dilute the distinctive quality of the HENRY's Marks and their exclusive association with Plaintiff.

35.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

<strong><u>COUNT V: UNFAIR COMPETITION, PASSING OFF</u></strong>

36.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 35 as if set forth fully herein.

37.

Defendant's conduct is in violation of the common law proscribing unfair competition and passing off. Such conduct was done intentionally or fraudulently, with full knowledge that it violated Plaintiff's proprietary interest in the HENRY's Marks and with intent to deceive.

10

38.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

## COUNT VI: VIOLATION OF GEORGIA DECEPTIVE TRADE PRACTICES ACT

39.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 38 as if set forth fully herein.

40.

This count arises under O.C.G.A. §§ 10-1-372 and 10-1-373.

41.

Defendant has engaged in a deceptive trade practice because it has willfully passed off its services as those of another, has caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its services or as to affiliation, connection, or association with or certification by another, or has represented that its services have sponsorship or approval that they do not have.

42.

Plaintiff has been damaged, and has suffered, and will continue to suffer, irreparable harm unless Defendant's conduct is enjoined. Plaintiff has no adequate remedy at law.

43.

Plaintiff seeks judgment against Defendant for all relief available to it under the Georgia Deceptive Trade Practices Act, including injunctive relief, attorney's fees, costs, and such other further and different relief as the court may deem appropriate, including damages and profits as may be available at common law.

## COUNT VII: CLAIM FOR EXPENSES OF LITIGATION AND ATTORNEY FEES

44.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 43 as if set forth fully herein.

45.

Defendant has acted in bad faith, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expenses entitling Plaintiff to reasonable attorney fees and expenses of litigation.

## COUNT VIII: APPLICATION FOR TEMPORARY RESTRAINING ORDER, INTERLOCUTORY INJUNCTION AND PERMANENT INJUNCTION

46.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 45 as if set forth fully herein.

47.

This count arises under O.C.G.A. § 9-11-65.

48.

As shown from the facts contained herein, Plaintiff has suffered, and will continue to suffer, immediate and irreparable injury unless Defendant is enjoined from the use of the HENRY's Marks or colorable imitations of same, as set forth herein.

## COUNT IX: CYBERSQUATTING

49.

Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 48 as if set forth fully herein.

50.

This count arises under 15 U.S.C. § 1125(d)(1).

51.

Defendant's wrongful acquisition and continued registration and use of the Accused Domain Names, and use of a web site at those addresses to promote and use the infringing HENRY'S Marks is evidence that Defendant's use of such marks was intended to create profit from consumer confusion and Plaintiff's reputation and goodwill.

52.

Defendant's acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d)(1).

53.

Plaintiff is entitled to recover from the Defendant: (1) Defendant's profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the willful nature of Defendant's violation of Plaintiff's trademark rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages. Plaintiff is also entitled to an order transferring the infringing domain names and any other domain name incorporating a mark identical or confusingly similar to the HENRY's Marks to Plaintiff.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

A.     That the court declare, adjudge and decree that the Defendant, by its actions has willfully and knowingly infringed, and is now willfully and knowingly infringing, upon Plaintiff's rights under the applicable federal and state trademark law, with the intent to cause confusion, mistake or to deceive.

B.     That Defendant, its officers, agents, employees, servants, attorneys, and all persons in active concert or participation with it be enjoined as follows:

    1.     From using the name "Henry's," using the HENRY'S Marks or any mark similar to the HENRY's Marks;

    2.     From use of the name "Henry's" (and any similar marks) in any domain name used by Defendant, and terminate the use of any meta tags or key words that use the name "Henry's" or any similar wording used in any way to direct traffic to its website;

    3.     From committing any acts calculated to cause purchasers or consumers to believe that the Defendant's products or services originate with or are produced or sold under the control and supervision of Plaintiff, or are affiliated, connected, associated, sponsored, guaranteed or approved by Plaintiff;

4.     From further diluting and infringing Plaintiff's HENRY's Marks and damaging its goodwill; and

5.     From otherwise competing unfairly with Plaintiff in any manner.

C.     That Defendant, and all of Defendant's officers and directors, agents, suppliers, servants, employees, and attorneys, and all persons acting in concert and participation with them, be ordered to perform the following acts:

1.     Destroy and/or revise, as appropriate, any and all marketing and sales materials to delete any use of the HENRY's Marks (and any marks similar to the HENRY's Marks);

2.     Remove all references to the name "Henry's" (and any similar marks) from Defendant's website;

3.     Cease and desist from any use of the name "Henry's" (and any similar marks) in any domain name used by Defendant, and terminate the use of any meta tags or key words that use the name "Henry's" or any similar wording used in any way to direct traffic to Defendant's website;

16

4.      File with this Court and serve on Plaintiff's counsel within ten (10) days of the entry of this Order, a report in writing under oath, setting forth the manner and form in which Defendant, and all of Defendant's officers and directors, agents, suppliers, servants, employees and attorneys, and all persons acting in concert and participation with them have complied with this Order; and

5.      Transfer the Accused Domain Names to the Plaintiff.

D.     That Plaintiff be awarded its costs and attorney's fees.

E.     That the court assess Defendant's profits, and the Plaintiff be awarded a recovery of Defendant's profits, pursuant to 15 U.S.C. § 1117.

F.     That Plaintiff be awarded treble damages under the Lanham Act.

G.     That Plaintiff be awarded compensatory and punitive damages under Georgia law.

H.     That Plaintiff be granted such further and different relief as the case may require and as the court may deem just and appropriate.

17

Respectfully submitted this 31st day of July, 2015.

BARNES & THORNBURG LLP

_____
Jeffrey C. Morgan
Georgia Bar No. 522667
jeff.morgan@btlaw.com
James J. Leonard
Georgia Bar No. 446655
jim.leonard@btlaw.com
Kara Cleary
Georgia Bar No. 100058
kara.cleary@btlaw.com
Prominence in Buckhead
3475 Piedmont Rd., NE, Suite 1700
Atlanta, Georgia 30305
Tel. (404) 864-1693
Fax. (404) 264-4033

Attorneys for Henry's Louisiana Grill, Inc.

ATDS01 279593v1